UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK, | No. C-13-2017 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY OR RECUSE** |
| CHILDREN'S HOSPITAL & RESEARCH CENTER OF OAKLAND, *et al.*, | **(Docket Nos. 33, 37, 46)** |
| Defendants. | |
| _____/ | |

Plaintiff John Shek has moved to disqualify Judge William H. Alsup, pursuant to 28 U.S.C. §§ 144 and 455, on grounds of alleged bias or prejudice against him. Judge Alsup referred the motion for reassignment pursuant to Civil Local Rule 3-15. On July 23, 2013, the executive committee randomly assigned the motion to the undersigned judge. Having considered the papers filed and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** the motion for the reasons set forth below.

## I. FACTUAL & PROCEDURAL BACKGROUND

In the current action, *pro se* plaintiff John Shek, a former radiology technician, sued his former employer, defendant Children's Hospital Research Center of Oakland, asserting wrongful termination, breach of contract, and breach of fiduciary duty. This action comes on the heels of an earlier lawsuit Plaintiff brought against substantially the same parties in *Shek v. Children's Hosp. Research Center of Oakland*, No. C12-04517, for employment discrimination, which was dismissed by Judge Alsup. In this earlier action, Plaintiff also moved to disqualify Judge Alsup on grounds of

personal bias or prejudice, pursuant to 28 U.S.C. §§ 144 and 455. Judge Alsup referred the motion for reassignment, pursuant to Civil Local Rule 3-15. The executive committee randomly assigned the motion to Judge Yvonne Gonzalez Rogers. Judge Rogers denied the motion. *See* Docket No. 85 of Case No. C12-4517 WHA (Order re: Motion to Disqualify). On July 5, 2013, both of Plaintiff's lawsuits (Nos. C13-2017 and C12-4517) were found to be related and assigned to Judge Alsup for all further proceedings. *See* Docket No. 24. Ten days later, Plaintiff filed a second motion to disqualify Judge Alsup, *see* Docket No. 33, which he amended twice, *see* Docket Nos. 37 and 46.

Similar to the earlier motion in his first lawsuit (No. C12-4517), Plaintiff's second motion to disqualify Judge Alsup from the current action (No. C13-2017) is based on an alleged personal bias or prejudice against Plaintiff. Plaintiff's allegation of bias or prejudice stems from Judge Alsup's ruling on his motion to dismiss Plaintiff's first lawsuit (No. C12-4517), his denial of Plaintiff's request for leave to file a second amended complaint, and Judge Alsup's allegedly biased conduct during the motion hearing. *See* Docket No. 46 (Mot., at pgs. 5-6).

## II. **DISCUSSION**

A. Legal Standard

When a party believes a judge harbors personal bias or prejudice against him, he may seek disqualification or recusal by filing an affidavit stating facts and reasons for his belief:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*U.S. v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (quoting 28 U.S.C. § 144).

Section 455 similarly provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"and enumerates certain instances. 28 U.S.C. § 455. Section 455 complements § 144 and imposes a self-enforcing duty on a judge to consider any

obvious basis for recusal, even when the only basis is personal bias or prejudice. *Sibla*, 624 F.2d at 868. The practical upshot is a properly filed motion and affidavit under § 144 requires a judge to first consider any obvious grounds for recusal under § 455; then, if the judge declines recusal, the matter is referred to another judge for consideration, if the affidavit prepared pursuant to § 144 is facially sufficient. *Id*. Section 455, however, does not prevent referral of a matter to the Clerk for reassignment to another judge. *See* N.D. Cal. Civ. R. 3-15.

The standard for recusal under either §§ 144 or 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

B.  Bias or Prejudice

As a preliminary matter, Plaintiff failed to prepare a § 144 affidavit. Rather, Plaintiff simply includes boilerplate language that the factual allegations in his motion are made under penalty of perjury. *See* Docket No. 46 (Mot. at pg. 22). This alone is grounds to deny his motion. *See Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (finding affidavit requirement not merely an "empty formality" and the failure to prepare one fatal). Nonetheless, even if the Court were to overlook this deficiency Plaintiff's motion substantively fails.

Plaintiff's factual contentions are insufficient to justify disqualification or recusal. To be legally sufficient, a § 144 affidavit must:

> [S]tate facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits. The focus is not only on the source of the facts and their distorting effect on a decision on the merits . . . but also on (3) the substantiality of the support given by these facts to the allegation of bias . . . .

*U.S. v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). In particular, Plaintiff has failed to identify an extrajudicial source of bias or prejudice. Instead, Plaintiff's allegation of bias is premised entirely on (1) his dissatisfaction with Judge Alsup's prior rulings against him, and (2) Judge Alsup's alleged comments on the merits during a hearing. Plaintiff contends that Judge Alsup disclosed his bias by failing to consider a right-to-sue notice issued by the EEOC on March 8, 2013 before dismissing his complaint. *See* Docket No. 46 (Mot., at pg. 5) ("Judge Alsup's Analysis B had disclosed his bias ,

3

1  [sic] Prejudice [sic] In [sic] an attempt to justify his dismissal by asserting the notice Of [sic] right to
2  sue was March 2011."). But disqualification on the basis of prior rulings rarely, if ever, gives rise to
3  disqualification or recusal. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (noting that "judicial
4  rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Stanley v. Univ.*
5  *of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (affirming district court's denial of motion to
6  recuse where only evidence of bias were judge's rulings on prior motions and a general allegation of
7  discrimination) (quoting *Liteky*). Plaintiff's legal contentions are more appropriately raised on
8  appeal, and not here in the context of a motion to disqualify or recuse.

9  Plaintiff's second basis for recusal fares no better. Plaintiff contends that Judge Alsup
10 demonstrated bias during a hearing on his motion for leave to file a second amended complaint, after
11 his initial complaint was dismissed:

> Furthermore Judge Alsup had vocally , [sic] openly in the hearing , [sic] inducing Response [sic] from the Defendants' Counsel [sic] for answer [sic] so he can [sic] grant their motion for dismissal pursuant to rule 12 (b)(6) [sic] Mr. Delgado Esq [sic] did not comprehend the Judge's [sic] intention. Mr. Delgado did not follow judge [sic] Alsup's remark. Judge Alsup were [sic] frustrated and Said [sic]:
>
> " you [sic] are killing me here, you are not helping me , [sic] t [sic] Then Judge Alsup finally said : [sic] Mr. Shek, I am Going [sic] to dismiss the claim in favor of the Children Hosp [sic] Of [sic] Oakland. Mr. Shek, You [sic] have the right to argue In [sic] front of panel [sic] of three judges in [sic] 9th circuit Court [sic]"

19 *See* Docket No. 46 (Mot., at pgs. 5-6). Judicial remarks during a proceeding that are critical,
20 disapproving, or even hostile toward a litigant ordinarily do not ordinarily support a challenge on the
21 basis of bias or prejudice. *Liteky*, 510 U.S. at 555. In sum, even assuming the accuracy of
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

Plaintiff's account, the remarks do not evidence extrajudicial bias. Furthermore, they lack the substantiality which would lead a reasonable person to question Judge Alsup's impartiality. Accordingly, Plaintiff's motion to disqualify or recuse is **DENIED**.

This order disposes of Docket Nos. 33, 37, and 46.

IT IS SO ORDERED.

Dated: August 5, 2013

_____
EDWARD M. CHEN
United States District Judge