IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

  v.

CHILDREN'S HOSPITAL & RESEARCH CENTER OF OAKLAND, CALIFORNIA NURSES ASSOCIATION, NATIONAL LABOR RELATIONS BOARD, et al.,

    Defendants.

No. C 13-2017 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this successive and repeat wrongful termination action, defendants move to dismiss. For the reasons stated below, the motion to dismiss is **GRANTED.**

## STATEMENT

The main question is whether defendants' motion to dismiss under Rule 12(b)(6) should be granted based on res judicata. The facts relevant to this order are as follows.

Pro se plaintiff John Shek was employed by defendant Children's Hospital and Research Center of Oakland as a radiologic technologist from March 2006 until January 2011. In August 2012, Mr. Shek brought a previous action in this Court alleging wrongful termination arising from the hospital's decision to terminate his employment. This Court dismissed Mr. Shek's first amended complaint as untimely but gave him leave to bring a motion to file a second amended complaint. A hearing on Mr. Shek's motion for leave to file a second amended complaint was

1 held. Mr. Shek's motion was denied because his discrimination charges were barred by
2 limitations and, as to other potential claims, his complaint was inadequate due to insufficient
3 facts alleged. In April 2013, this Court closed the case and entered judgment against Mr. Shek.
4 He then appealed, which remains pending (Civ. No. 12-4517 WHA).

5 The Court also sanctioned Mr. Shek in the 12-4517 action for violating Rule 11 of the
6 Federal Rules. Mr. Shek served Mr. Joseph Robinson — a retired firefighter who had never
7 worked at the Children's Hospital — as a defendant. Mr. Shek and his process server knew at
8 the time of service that the Mr. Robinson he had located was not the same Mr. Robinson who
9 had worked at the Children's Hospital. Nevertheless, Mr. Shek knowingly persisted in having
10 him served. Mr. Shek also ignored Mr. Robinson's attempts to inform Mr. Shek that he had
11 served the wrong person. As a sanction, the Court held that "except and until this Court
12 determines that plaintiff has submitted an operative complaint, plaintiff will be precluded from
13 serving *any additional defendants* — including anyone named Joseph Robinson — on account of
14 plaintiff's abuse of the judicial system" (Civ. No. 12-4517 WHA, Dkt. No. 66 at 4).

15 One month after the case was closed and judgment entered against Mr. Shek, he filed the
16 present action. In an apparent attempt to avoid returning to this Court, Mr. Shek filed this action
17 in the Oakland division. Mr. Shek once again sued his former employer, defendant Children's
18 Hospital and Research Center, asserting wrongful termination, breach of contract, and breach of
19 fiduciary duty, as well as several of the same individual defendants (including a Mr. Joseph
20 Robinson). This action arises out of the same set of facts as his previous action, namely the
21 termination of his employment by Children's Hospital & Research Center. Based on the address
22 used for service, the Joseph Robinson Mr. Shek has targeted in this action is the same as in the
23 prior action.

24 Defendants Children's Hospital and Research Center and Brenda Husband moved to
25 dismiss the complaint in its entirety on June 20 (Dkt. No. 15). The matter was deemed related to
26 the 12-4517 action and reassigned to the undersigned judge on July 5 (Dkt. Nos. 20, 24).
27 Although the prior briefing deadlines remained in place, Mr. Shek failed to file an opposition or
28 a statement of non-opposition to the motion to dismiss. An order to show cause why the motion

2

should not be granted issued on July 10 (Dkt. No 31). The deadline to respond was July 16 at noon. Instead of responding to the order to show cause, Mr. Shek filed a motion to disqualify the undersigned judge (Dkt. No. 33). On the July 16 deadline to respond to the motion to dismiss Mr. Shek filed an "amended" motion to disqualify the undersigned judge (Dkt. No. 37). On July 25 (nine days after the deadline for the order to show cause), Mr. Shek filed an opposition to the motion to dismiss. On July 29 Mr. Shek filed an amended opposition to the motion containing an additional 50 pages of exhibits.

The motion to disqualify was denied by Judge Edward Chen on August 5 (Dkt. No. 56). Mr. Shek filed a motion to "set aside" Judge Chen's ruling, which Judge Chen also denied (Dkt. No. 61). A subsequent order on August 14 by the undersigned put the motion to dismiss back on the calendar for a hearing. On August 16, Mr. Shek filed a "motion to dismiss" certain defendants (Dkt. No. 78). Although largely incomprehensible, Mr. Shek's latest motion appears, in part, to be an opposition to defendants Children's Hospital & Research Center and Brenda Husband's June 20 motion to dismiss.

Mr. Shek has also filed a motion to stay this action in favor of the 12-4517 appeal. Mr. Shek admitted in his motion to stay that this action is "near and related or identity [*sic*]" to the previously-dismissed 12-4517 action (Dkt. No. 32 at 2).

Although Mr. Shek filed two motions to vacate the August 22 hearing date on the grounds that the hearing constituted circumvention of his appeal of Judge Chen's order denying the motion to disqualify, Mr. Shek did not appear at the August 22 hearing.

**ANALYSIS**

Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In construing such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need

3

not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Id.* at 1067–68. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Ibid.*

### 1. ORDER TO SHOW CAUSE.

Mr. Shek failed to timely respond to defendants' June 20 motion to dismiss. Pursuant to local rule 7–3, Mr. Shek's opposition or statement of non-opposition was due on July 8. No opposition was received before the deadline. On July 10, Mr. Shek was ordered to show cause by noon on July 16 why the motion to dismiss should not be granted (Dkt. No. 31). The July 10 order specifically stated: "Plaintiff is hereby warned that failure to timely respond may result in the motion to dismiss being granted or the action being dismissed for failure to prosecute."

Mr. Shek did not timely respond or otherwise attempt to comply with the order to show cause. Mr. Shek's late-filed opposition on July 25, amended opposition on July 29, and August 16 "motion to dismiss defendants," (which this order construes as an additional opposition filed without leave), do not correct this deficiency. The three oppositions do not explain why Mr. Shek failed to respond to the order to show cause. They simply argue the merits of the motion to dismiss in a largely conclusory manner.

Mr. Shek's failure to timely respond to the order to show cause, standing alone, is sufficient ground to grant the motion to dismiss. Nevertheless, this order will also address the merits of the pending motion to stay and motion to dismiss.

### 2. MOTION TO STAY.

In ruling on a motion for a stay pending appeal, our court of appeals applies two interrelated tests: first, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury if the relief is not granted; second, the moving party must demonstrate that serious legal questions are raised and that the balance of hardship

4

1 tips sharply in its favor. *Golden Gate Rest. Ass'n v. City and Cnty. Of San Francisco*, 512 F.3d
2 1112, 1115–16 (9th Cir. 2008).

3 Here, Mr. Shek moves for a stay on this action pending appeal of *another* action, namely
4 the previous 12-4517 action he admits was identical. Assuming without deciding that this is a
5 viable procedural maneuver here, the motion is **DENIED**. Mr. Shek does not meaningfully
6 address his burden to show a likelihood of success on the merits. This order observes, however,
7 that in the 12-4517 action a motion to dismiss was granted. Given that this action is substantially
8 similar, success on the merits here appears unlikely.

9 Mr. Shek also does not allege that serious legal questions are raised or that, absent a stay,
10 he would suffer any hardship. Instead, Mr. Shek contends that the proceeding should be stayed
11 because of a potential injury to the judicial system, namely a waste of resources because the
12 actions concern the same nucleus of facts. If this contention is true, the present action should not
13 have been filed in the first place. More judicial resources — not to mention the resources of the
14 parties — would be wasted by staying this action and allowing it to linger on when the same
15 action has been litigated to judgment and is now on appeal under a different docket number. The
16 motion to stay is therefore **DENIED**.

17 **3. RES JUDICATA.**

18 Defendants Children's Hospital & Research Center and Brenda Husband move under
19 Rule 12(b)(6) to dismiss the complaint in its entirety on the ground of res judicata. Although
20 ordinarily affirmative defenses may not be raised by a motion to dismiss, it is permissible to do
21 so if, as here, the defense involves no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d
22 1377, 1378 (9th Cir. 1984).

23 The res judicata doctrine prohibits the re-litigation of any claims that were raised or
24 could have been raised in a prior action. *W. Radio Servs. Co., Inc. V. Glickman*, 123 F.3d 1189,
25 1192 (9th Cir. 1997). It is irrelevant whether the new claims that plaintiff seeks to pursue now
26 were actually pursued in the action that led to the judgment; rather, the question is whether they
27 *could have been* brought in the previous case. *Tahoe-Sierra Pres. Council* v. Tahoe Reg'l
28 Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).

Our court of appeals has listed four factors which may be considered when determining whether successive claims constitute the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; (4) whether the two suits arise out of the same transactional nucleus of facts. *Int'l Union of Operating Engineers-Employers*, 994 F.2d at 1429. These factors, however, are "tools of analysis, not requirements." *Id.* at 1430. For example, our court of appeals has previously applied the doctrine of res judicata solely on the ground that the two claims arose out of the same transaction, without reaching the other factors. *See id.* at 1430.

This order finds that Mr. Shek has conceded through his actions and statements to the Court that both cases concern the same transactional nucleus of facts, namely employment discrimination arising out of the termination of his employment by Children's Hospital. In lieu of opposing defendants Children's Hospital & Research Center and Brenda Husband's motion to dismiss, Mr. Shek filed a motion to stay the instant proceeding, stating that a stay would save the Court unnecessary costs and burdens "given the near & related or identity [*sic*]" of the issues in his two actions (Dkt. No 32 at 2). Mr. Shek therefore admits his current claims arise out of the same transaction as his previous claims, and wishes to stay the entire proceeding for precisely that reason.

Upon review of the complaints in each action, this order agrees with Mr. Shek. Because the underlying facts are the same, the claims in this action could have been brought in the 12-4517 action and are therefore barred by res judiciata. Accordingly, the motion to dismiss the entire complaint is **GRANTED**. Leave to amend will not be granted.

4. **WARNING.**

Mr. Shek was formally sanctioned in the 12-4517 action for knowingly serving process against the wrong defendant (Civ. No. 12-04517, Dkt. No. 66 at 3 n.4). In that action, Mr. Shek served Mr. Joseph Robinson, a retired fireman who had never worked at Children's Hospital & Research Center, as a defendant, even though Mr. Shek knew he was serving the wrong Mr.

6

1  Robinson. As a sanction under Rule 11, Mr. Shek was precluded from serving any additional
2  defendants in that action, including anyone named Joseph Robinson (*ibid.*).

3  In the present action, Mr. Shek has again named as a defendant and served a Mr. Joseph
4  Robinson. The address for Mr. Robinson in the new action is identical to the address at which
5  Mr. Shek served the wrong Mr. Robinson in the previous action (Compl. ¶ 4; Civ. No. 12-04517,
6  Dkt. No. 16 at 3). Mr. Shek's service of Mr. Robinson in this action thus appears to be an end
7  run around the December 2012 sanction order (Civ. No. 12-4517, Dkt. No. 66).

8  In a motion to recuse the undersigned in the 12-4517 action, Mr. Shek argued that he
9  mistakenly served the wrong Joseph Robinson. Mr. Shek contended that he meant to serve
10 Joseph Robinson, Jr. but served Joseph Robinson, Sr. instead. The reader should be aware that
11 Mr. Shek did not submit any evidence in support of this contention and that the record contains
12 no evidence that two men with the same name lived at the same address. Judge Yvonne
13 Gonzalez Rogers examined the record and held that the record did not demonstrate the
14 undersigned's "impartiality might reasonably be questioned" (Civ. No. 12-04517, Dkt. No. 85 at
15 5–6).

16 Because this action is dismissed herein without leave to amend, Mr. Shek's repeat service
17 on Mr. Joseph Robinson is no longer of legal significance. And, when read literally, the express
18 terms of the December 2012 sanctions order only applied to the 12-4517 action. Mr. Shek's has,
19 however, at least violated the spirit of the sanction order and once again burdened Mr. Joseph
20 Robinson with responding to litigation. Mr. Shek is warned that the December 2012 sanction
21 order in the 12-4517 action henceforth applies to *any action in the district*. Any further attempt
22 to evade or violate the sanction order may result in additional Rule 11 sanctions, including
23 monetary penalties.

**CONCLUSION**

25 For the reasons stated above, defendants' motion to dismiss is **GRANTED.** Because the
26 rationale for dismissal on the basis of res judicata is applicable to all defendants in this action,
27 this order disposes of the action in its entirety. Plaintiff's motion to stay proceedings is **DENIED**.
28

7

The recently-filed motions to dismiss, motion for an extension of time, motion to quash, and motion to open an ADR file (Dkt. Nos. 78, 81–82, 87, 89) are **DENIED AS MOOT**.

Judgment will be entered in a separate document.

**IT IS SO ORDERED.**

Dated: August 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8