IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

v.

CHILDREN HOSPITAL RESEARCH CENTER IN OAKLAND, et al.,

    Defendants.

No. C 13-02017 WHA

**ORDER DECLARING JOHN SHEK A VEXATIOUS LITIGANT**

## INTRODUCTION

In this wrongful-termination action, *pro se* plaintiff's complaint has been finally dismissed and defendant Children's Hospital and Research Center in Oakland now moves to declare plaintiff a vexatious litigant. To the extent stated below, the motion is **GRANTED**.

## STATEMENT

This action arises from the termination of plaintiff's employment. It is one of six actions all based on the same set of underlying facts. *Pro se* plaintiff John Shek was employed by defendant Children's as a radiologic technologist from March 2006 until January 2011. In April 2010, plaintiff's employment was terminated, but he was subsequently offered another position in May 2010, which he accepted. In October 2010, plaintiff filed a complaint against Children's and others including the California Nurses Association alleging retaliation and breach of the collective bargaining agreement under the LMRDA (Civ. No. 10-4684 DMR). In December 2010, plaintiff dismissed his own action.

In January 2011, plaintiff was again terminated from his position, this time permanently. Plaintiff then filed a complaint against Children's (Civ. No. 11-1968 PJH). This complaint alleged employment discrimination as well as violations of the ERISA, the ADA, and the ADEA. That action was before Judge Phyllis J. Hamilton. Plaintiff moved to have Judge Hamilton disqualified. The motion was denied. Plaintiff then moved to dismiss his own action in order to achieve "change of venue."

Also in January 2011, plaintiff sued the NLRB and the California Nurses Association (Civ. No. 11-212 WHA). That action alleged that the union "failed to process a grievance on [his behalf]" (Civ. No. 11-212 WHA, Dkt. No. 12-1 at 4). That action was also based on the same facts as plaintiff's previous and subsequent actions. It was dismissed for lack of subject-matter jurisdiction.

In August 2012, plaintiff brought another action alleging wrongful termination against Children's and others, this one being assigned to the undersigned judge (Civ. No. 12-4517 WHA). In that action, plaintiff was sanctioned for intentionally serving the wrong person and causing that person grief and trouble (Civ. No. 12-4517 WHA, Dkt. No. 66 at 4). Plaintiff's first amended complaint was dismissed and plaintiff's request for appointment of counsel was denied. Plaintiff then moved to disqualify the undersigned judge. That motion was denied by another judge. Plaintiff's motion for leave to file a second amended complaint was denied and judgment was entered. Plaintiff then appealed. The appeal remains pending. Along the way, plaintiff also filed two state actions based on the same underlying facts (Case No. RG12616848, Case No. RG12660358). Both were eventually dismissed by plaintiff.

One month after plaintiff's previous federal action (the one after Judge Hamilton) was closed and judgment entered against him, plaintiff filed the present action. In an apparent attempt to avoid returning to this Court, plaintiff filed this action in the Oakland division. Plaintiff once again sued his former employer, defendant Children's, asserting wrongful termination, breach of contract, and breach of fiduciary duty, as well as other defendants (including the same individual that plaintiff had been sanctioned for serving in the previous

action).  This action arises out of the same set of facts as his previous actions, namely the termination of his employment by Children's.

Defendant Children's moved to dismiss the complaint on June 20.  The matter was deemed related to the 12-4517 action and reassigned to the undersigned judge on July 5 (Dkt. Nos. 20, 24).  Although the prior briefing deadlines remained in place, plaintiff failed to file an opposition or a statement of non-opposition to the motion to dismiss.  An order to show cause why the motion should not be granted issued on July 10.  The deadline to respond was July 16 at noon.  Instead of responding to the order to show cause, plaintiff filed a motion to disqualify the undersigned judge.  On the July 16 deadline to respond to the motion to dismiss, plaintiff filed an "amended" motion to disqualify the undersigned judge.  On July 25 (nine days after the deadline for the order to show cause), plaintiff filed an opposition to the motion to dismiss.  On July 29, plaintiff filed an amended opposition to the motion containing an additional 50 pages of exhibits.

The motion to disqualify the undersigned judge was denied by Judge Edward Chen on August 5.  Plaintiff filed a motion to "set aside" Judge Chen's ruling, which Judge Chen also denied.  A subsequent order on August 14 by the undersigned put the motion to dismiss back on the calendar for a hearing.  On August 16, plaintiff filed a "motion to dismiss" certain defendants, which was interpreted to be an opposition to Children's June 20 motion to dismiss.  Plaintiff failed to appear at the August 22 hearing.  Children's motion to dismiss was granted on August 26 and judgment was entered (Dkt. Nos. 90, 91).

After plaintiff unsuccessfully made several additional motions, Children's moved to declare plaintiff a vexation litigant (Dkt. No. 120).  Plaintiff failed to file an opposition or statement of non-opposition by the deadline on November 21.  Plaintiff was nonetheless given extra time.  On December 4, an order to show cause was issued giving plaintiff until December 11 to file an opposition or statement of non-opposition.  Plaintiff was also ordered to appear at the December 12 hearing.  Plaintiff did neither.  At the hearing, the Court waited one hour and fifteen minutes to call this action.  Plaintiff was not present.  In the December 4 order

to show cause, plaintiff was warned that "failure to timely respond or appear may result in the motion to declare plaintiff a vexatious litigant being granted" (Dkt. No. 129).

## ANALYSIS

Our court of appeals recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation omitted). A request to declare a party a vexatious litigant entails consideration of four factors: (1) the party must have had adequate notice and a chance to be heard; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "[P]re-filing orders are an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Ibid.* "Nevertheless, [f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Ibid.* (quotation omitted).

### 1. NOTICE AND OPPORTUNITY TO BE HEARD.

Where a motion to declare the plaintiff a vexatious litigant was filed and served on the plaintiff and the plaintiff had an opportunity to be heard opposing the motion, this requirement is satisfied. *Id.* at 1058. Here, defendant's motion provided plaintiff with notice and plaintiff has received an opportunity to be heard by filing his opposition and at the hearing held on December 12. Plaintiff was given ample opportunity to respond to defendant's motion. Plaintiff was given notice that he failed to timely oppose the motion and was given nearly three extra weeks to file an opposition. Plaintiff failed to respond or attend the hearing. Accordingly, this requirement has been satisfied.

4

### 2. ADEQUATE RECORD.

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," but the court need not list every case in which the litigant has appeared. *Molski*, 500 F.3d at 1059 (internal quotation omitted). Plaintiff has filed two state actions and four federal actions based on the same underlying facts. These actions are listed in the statement of facts.

In addition to the six actions listed, plaintiff has filed numerous motions within each action. These include three motions to disqualify, each of which was denied. Finally, plaintiff was already sanctioned for deliberately serving the wrong person, but has continued to list that individual as a defendant.

From the record of plaintiff's prior actions against defendant, listed above, and that established in the instant action, this order finds the record is adequate to conclude that plaintiff is a vexatious litigant.

### 3. FRIVOLOUS AND HARASSING NATURE OF PLAINTIFF'S ACTIONS.

Under the third factor, courts must examine "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski,* 500 F.3d at 1059 (quotations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Ibid.* (quotation omitted). Because plaintiff has sued defendant multiple times on the same termination event, this order finds there is a sufficient basis to conclude that plaintiff's litigation against defendant has been abusive and frivolous.

None of plaintiff's actions has survived the motion to dismiss stage. Though plaintiff has employed a variety of claims for relief, all of plaintiff's actions have been based on the same underlying facts. Plaintiff's complaints are almost uniformly incomprehensible and argue almost no cognizable legal theory.

An order filed on November 30, 2012, found that most of plaintiff's discrimination claims were time-barred. The remaining claims did not contain allegations that plaintiff suffered an adverse employment action (Civ. No. 12-4517 WHA, Dkt. No. 47 at 4–6). In an order filed

5

on August 26, 2013, plaintiff's claims were dismissed on the ground of res judicata (Dkt. No. 90 at 5–6).

Plaintiff has tried to relitigate the same claim over the course of six actions. This is vexatious in and of itself and is dispositive. This order finds that plaintiff intends to harass the defendants by filing multiple suits on the same subject matter.

### 4. NARROWLY-TAILORED ORDER.

Orders "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. This order finds that plaintiff is a vexatious litigant and that an appropriate pre-filing review order is warranted. This is not a bar on bringing suits, but a pre-filing review. Plaintiff must submit to pre-filing review of any *pro se* complaint filed in the Northern District of California against Children's Hospital and Research Center in Oakland, the California Nurses Association, the National Labor Relations Board, Cedric Wilson, Brenda Husband, Holly Miller, Nato Green, Joanne Jung, Randy Mortenson, Joseph Robinson, Bruce Anderson, Brian Seeley also known as Gary Seeley, Micah Berul, Linda Dreeben, Susanna Ziegler, George Freeman, and Joseph Frankl or anything having to do with his employment at or termination by Children's Hospital and Research Center in Oakland. The Clerk shall then forward any complaints or notices of appeal submitted by plaintiff to the undersigned for pre-filing review. If the Court ascertains that the complaint or notice of appeal is duplicative or frivolous, it will not be filed and will be returned to plaintiff. If the Court finds that the proposed pleading meets the pleading standards, it will be given to the Clerk with instructions to file it.

### CONCLUSION

For the reasons stated above and to that extent, defendant's motion to declare plaintiff John Shek a vexatious litigant is **GRANTED**. It is **ORDERED** that plaintiff may not file, nor the Clerk accept for filing, any further complaints from plaintiff that: (1) name any of the above-listed defendants, or (2) have to do with his employment at or termination by Children's Hospital and Research Center in Oakland, without obtaining prior leave from the Court.

The Clerk shall forward any complaints or notices of appeal submitted by plaintiff to the undersigned for pre-filing review.

**IT IS SO ORDERED.**

Dated: December 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE