IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK,<br><br>    Plaintiff,<br><br>  v.<br><br>CHILDREN'S HOSPITAL & RESEARCH CENTER OAKLAND, et al.,<br><br>    Defendants.<br>_____ / | No. C 13-02017 WHA<br><br>**ORDER DENYING AS MOOT DEFENDANT NLRB'S MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT, DENYING PLAINTIFF'S MOTIONS, AND VACATING HEARING** |

### INTRODUCTION

Following the dismissal of *pro se* plaintiff's wrongful termination action, a December 12 order granted a motion by defendant Children's Hospital to declare plaintiff a vexatious litigant and to require pre-filing review. Four days earlier, defendant NLRB had filed a very similar motion against plaintiff. On December 16 and 20, plaintiff made separate motions to vacate, amend, or reconsider the December 12 order. To the extent stated below, defendant NLRB's motion is **DENIED AS MOOT**, plaintiff's motions are **DENIED**, and the January 23 hearing is **VACATED**.

    **1.**     **DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT.**

On December 9, defendant NLRB moved for an order declaring plaintiff a vexatious litigant and requiring pre-filing review of any claims made by plaintiff (1) in the Northern District of California (2) against NLRB or its employees (3) related to plaintiff's employment at

1  Children's Hospital and Research Center Oakland leading to his January 2011 dismissal.

2  A December 12 order declared plaintiff a vexatious litigant. This order also specified that:

> Plaintiff must submit to pre-filing review of any *pro se* complaint filed in the Northern District of California against Children's Hospital and Research Center in Oakland, the California Nurses Association, the National Labor Relations Board, Cedric Wilson, Brenda Husband, Holly Miller, Nato Green, Joanne Jung, Randy Mortensen, Joseph Robinson, Bruce Anderson, Brian Seeley also known as Gary Seeley, Micah Berul, Linda Dreebun, Susanna Ziegler, George Freeman, and Joseph Frankl or anything having to do with his employment at or termination by Children's Hospital and Research Center in Oakland. The clerk shall then forward any complaints or notices of appeal submitted by plaintiff to the undersigned for pre-filing review

(Docket No. 136). The relief requested by defendant's motion is completely addressed by the December 12 order. Defendant NLRB will be allowed to enforce the December 12 order, if such permission is ever necessary. Accordingly, defendant's motion is **DENIED AS MOOT**.

### 2. PLAINTIFF'S MOTIONS.

On December 16, plaintiff moved to vacate the December 12 order on jurisdictional grounds. Plaintiff refers to a lone, non-binding decision in the Central District of California, where the court found it lacked jurisdiction to declare the plaintiff vexatious after dismissing the federal claim for lack of standing. *Harris v. Del Taco, Inc.*, 396 F.Supp.2d 1107, 1116 (C.D. Cal). The cited decision has no authority in this district. Our circuit recognizes a district court's inherent power to declare litigants vexatious under 28 U.S.C. 1651, independent of its jurisdiction over plaintiff's claims. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

On December 20, plaintiff moved to reconsider or alter the December 12 order under FRCP 59(e), based on defendants' acts of "bad faith." FRCP 59(e) is used to request reconsideration of a final judgment, not relief from an order, but even a liberal construction of plaintiff's motion under FRCP 60(b) is unavailing. The acts alleged, including discriminatory remarks, harassment, and FOIA violations, are largely recycled from plaintiff's initial complaint and have no bearing on the December 12 order. The allegations are uniformly beside the point; it is inescapable that plaintiff's own repeated, frivolous, and abusive litigation has resulted in his designation as a vexatious litigant.

2

Plaintiff additionally argues in the motion of December 20 that his actions do not qualify him as vexatious under California Code of Civil Procedure 391(b). For the reasons outlined extensively in the December 12 order, plaintiff readily meets the standard for vexatious litigants set out by our court of appeals. Plaintiff has maintained six actions on the same set of underlying facts, and has enjoyed ample opportunity to be heard. Plaintiff's motions to reconsider, amend, or vacate the order declaring him a vexatious litigant and requiring pre-filing review are **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant NLRB's motion to declare plaintiff a vexatious litigant and requesting a pre-filing order is **DENIED AS MOOT**. Plaintiff's motions are **DENIED**. The hearing on January 23 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 16, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE